# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 17-CV-6630 (JFB)

---

MARK WILLIAM DAIL,

Petitioner,

VERSUS

ROBERT MORTUN,

Respondent.

---

**MEMORANDUM AND ORDER**
August 20, 2018

---

JOSEPH F. BIANCO, District Judge:

On October 10, 2017, Mark William Dail ("petitioner") petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Petitioner challenges his December 2007 conviction for two counts of second-degree burglary on three grounds that he raised on direct appeal (the "Direct Appeal Claims"): (1) that he did not voluntarily consent to giving the police a saliva sample for DNA testing; (2) that the admission of lab reports generated by the Nassau County Medical Examiner deprived him of his Sixth Amendment right to confrontation; and (3) that the trial court erred in denying his request to *voir dire* each of the jurors after one juror saw him in handcuffs during a recess. Additionally, petitioner asserts a claim that he first raised in 2016 on collateral review. That claim seeks to vacate petitioner's sentence based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the Armed Career Criminal Act's residual clause (the "*Johnson* Claim").

Respondent does not address the merits of petitioner's claims. Instead, respondent moves to dismiss the petition as untimely.

For the reasons set forth below, respondent's motion is granted and the petition is dismissed as untimely.

---

[1] Although the Court did not receive the petition until November 13, 2017, the affidavit of service submitted with the petition indicates that petitioner mailed the petition to respondent from Downstate Correctional Facility on October 10, 2017. (ECF No. 1-1.) Accordingly, under the prison mailbox rule, the Court will treat the petition as filed on October 10, 2017. *See, e.g.*, *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

Specifically, as explained below, the limitations period for the Direct Appeal Claims expired on July 13, 2010, and the limitations period for the *Johnson* Claim expired on June 26, 2016. Because the petition was filed on October 10, 2017, all of petitioner's claims are untimely. Finally, the Court concludes that there is no basis for statutory or equitable tolling. Accordingly, the petition is dismissed as time-barred.

I. BACKGROUND

The Court has adduced the following facts from the petition (ECF No. 1), the Affidavit in Support of Respondent's Motion to Dismiss (ECF No. 8), and the underlying record (ECF Nos. 8-1 through 8-31).

In January 2007, petitioner was arrested and charged with two counts of second-degree burglary. (Resp't Aff. ¶ 3.) At the ensuing jury trial, the prosecution presented evidence that petitioner had burglarized two homes in Nassau County in the summer and fall of 2006. (*See id.*) On December 17, 2007, the jury convicted petitioner on both counts. (*Id.* ¶ 4.)

After petitioner was convicted, the prosecution filed a persistent violent felony offender statement pursuant to Section 400.16(2) of the New York Criminal Procedure Law ("C.P.L."). (*Id.* ¶ 5.) In arguing that petitioner should be sentenced as a persistent violent felony offender, the government cited petitioner's December 23, 1975 and February 3, 1986 first-degree robbery convictions. (*Id.* ¶¶ 5-6.) After a hearing, the Nassau County Supreme Court found petitioner to be a persistent violent felony offender. (*Id.* ¶ 7.) Petitioner was later sentenced in state court to two consecutive terms of sixteen years to life in prison. (*Id.* ¶ 8.)

On September 3, 2008, petitioner moved to set aside his sentence under C.P.L. § 440.20. (ECF No. 18-20.) Petitioner argued that he was deprived of the effective assistance of counsel by the attorneys that represented him in the cases resulting in his 1975 and 1986 first-degree robbery convictions, as well as in his 2007 case resulting in his conviction on two counts of second-degree burglary. (*See generally id.*) Petitioner asserted that, but for the ineffective representation, he would not have been sentenced as a persistent violent felony offender in 2007. (*See generally id.*) On January 2, 2009, the Nassau County Supreme Court denied petitioner's motion. (ECF No. 8-18.) The Appellate Division denied petitioner's application for leave to appeal on July 15, 2009. (ECF No. 18-19.)

On December 23, 2008, petitioner appealed his conviction to the New York State Supreme Court Appellate Division, Second Judicial Department. (ECF No. 8-1.) As noted above, petitioner asserted, among other things, (1) that he did not voluntarily consent to giving the police a saliva sample for DNA testing; (2) that the admission of lab reports generated by the Nassau County Medical Examiner deprived him of his Sixth Amendment right to confrontation; and (3) that the trial court erred in denying his request to *voir dire* each of the jurors after one juror saw him in handcuffs during a recess. (*See generally id.*) On January 19, 2010, the Appellate Division affirmed petitioner's conviction. (ECF No. 8-3.) On February 17, 2010, petitioner sought leave to appeal to the New York State Court of Appeals. (ECF No. 8-2.) On April 14, 2010, the Court of Appeals denied petitioner's leave application. (ECF No. 8-5.) Petitioner did not seek a writ of certiorari from the United States Supreme Court.

On September 13, 2016, petitioner again sought to vacate his sentence under C.P.L. § 440.20. (ECF No. 8-29.) In that motion, petitioner argued that the Supreme Court's June 26, 2015 decision in *Johnson* rendered

New York's statute classifying second-degree burglary as a violent felony and its persistent violent felony offender statute unconstitutionally vague. (*See id.* at 10-11.) On January 31, 2017, the Nassau County Supreme Court denied petitioner's motion. (ECF No. 8-26.) On June 14, 2017, the Appellate Division denied petitioner's application for leave to appeal. (ECF No. 8-25.)

On October 10, 2017, petitioner filed a petition before this Court for a writ of habeas corpus. (ECF No. 1.)

## II. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which, among other things, amended 28 U.S.C. § 2244(d)(1) to provide a one-year limitations period for filing a petition for a writ of habeas corpus by a person in state custody pursuant to a state court judgment. The general rule is that the limitations period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute also provides three exceptions under which the one-year limitations period will commence on a later date:

> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D).

Under AEDPA's tolling provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state-court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Finally, in rare and exceptional circumstances, AEDPA's limitations period may be equitably tolled. *E.g.*, *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015); *Smith*, 208 F.3d at 17.

### A. The Direct Appeal Claims

Under 28 U.S.C. § 2244(d)(1)(A),[2] a person in state custody has one year from the date his conviction becomes final to petition a federal court for a writ of habeas corpus. A conviction becomes final for AEDPA

---

[2] Petitioner has not alleged any impediment to his filing a timely application based on the Direct Appeal Claims, nor has he raised a factual predicate for the claims that he could not have discovered within the statute of limitations through the exercise of due diligence. The Direct Appeal claims also are not based on any newly-recognized right. Accordingly, Section 2244(d)(1)(A) applies to the Direct Appeal Claims.

3

purposes on "the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or-if the prisoner elects not to file a petition for certiorari-the time to seek direct review via certiorari has expired." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). The time for a defendant to seek direct review in the United States Supreme Court by writ of certiorari expires ninety days after a judgment is rendered. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (citing Sup. Ct. R. 13(1)).

Here, the New York Court of Appeals denied petitioner's application for leave to appeal on April 14, 2010. Petitioner did not seek review of that denial in the United States Supreme Court. Thus, his conviction became final for AEDPA purposes, and the one-year limitations period began, on July 13, 2010, ninety days after the Court of Appeals denied leave to appeal. Petitioner's time to file a petition for a writ of habeas corpus in this Court expired one year later on July 13, 2011. Because petitioner did not file the petition in this Court until October 10, 2017, over six years after his time to do so had expired, the Direct Appeal Claims are time-barred.

B. The *Johnson* Claim

Petitioner also seeks to vacate his sentence based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). That case involved a due process challenge to a federal statute, the Armed Career Criminal Act ("ACCA"), which imposes a fifteen-year mandatory minimum on a defendant who is convicted of being a felon in possession of a weapon, and is found to have three "serious drug offense" or "violent felony" convictions. 18 U.S.C. § 924(e). The Supreme Court held that ACCA's residual clause, which defined "violent felony" to include any crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. On April 18, 2016, the Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* had retroactive effect in cases on collateral review.

Petitioner argues that, under *Johnson*, New York's statute classifying second-degree burglary as a violent felony (C.P.L. § 70.02), and its persistent violent felony offender statute (C.P.L. § 70.08) are unconstitutionally vague. (*See, e.g.*, ECF No. 9 at 3.) Thus, he argues that he should not have been sentenced as a persistent violent felony offender under New York law.

The parties disagree as to when the statute of limitations began to run on the *Johnson* claim. According to petitioner, he could not have asserted this claim earlier "because the law did not change until [*Johnson*] was decided and for the reason set forth in [*Welch*]." (ECF No. 1 at 3.) Respondent contends that petitioner had one year from the date of the *Johnson* decision—not from the date of the *Welch* decision—to bring the claim.

As noted above, the time to assert a claim for habeas relief based on a newly-recognized right is governed by 28 U.S.C. § 2244(d)(1)(C). Under that provision, the statute of limitations begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

In *Dodd v. United States*, 545 U.S. 353, 357 (2005), the Supreme Court interpreted a materially identical provision in 18 U.S.C. § 2255, the statute governing the time for a person in federal custody to bring a habeas petition. The Supreme Court held that a

4

petitioner "has one year from the date on which the right he asserts was initially recognized by this Court," not the date on which the right was made retroactive. *See Dodd*, 545 U.S. at 357-58 ("Paragraph 6(3) identifies one date and one date only as the date from which the 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'").

Since *Dodd*, federal courts have routinely concluded that the statute of limitations under Section 2244(d)(1)(C) begins to run on the date the new right is recognized, and not on the date that it is found to be retroactively applicable. *E.g.*, *Prost v. Anderson*, 636 F.3d 578, 591 (10th Cir. 2011); *In re Johnson*, 325 F. App'x 337, 340 (5th Cir. 2009); *Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005); *Young v. Phillips*, 150 F. Supp. 3d 258, 260 (E.D.N.Y. 2016); *Molnar v. Maldonado*, No. 3:15-CV-00800 (JCH), 2016 WL 632441, at *4 (D. Conn. Feb. 16, 2016); *Moore v. Hubbard*, No. CV 07-7552 ODWAGR, 2008 WL 1905366, at *2 n.2 (C.D. Cal. Apr. 25, 2008).

This Court likewise concludes that the limitations period on petitioner's *Johnson* claim began to run on June 26, 2015, the date on which *Johnson* was decided. Consequently, petitioner was required to assert the *Johnson* claim in this Court by June 26, 2016, in order for it to be timely. However, petitioner filed the petition on October 10, 2017, over fifteen months after the one-year period expired. Therefore, petitioner's *Johnson* claim is time-barred.

C. Tolling

1. Statutory Tolling

As explained above, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under AEDPA. 28 U.S.C. § 2244(d)(2). However, petitioner's September 3, 2008 and September 13, 2016 motions to set aside his sentence did not toll the limitations period here.

Petitioner's September 3, 2008 motion to set aside his sentence was denied by the state court on January 2, 2009. The Appellate Division denied leave to appeal on July 15, 2009. Because the motion was decided well before the statute of limitations began to run on July 13, 2010, it did not operate to toll the limitations period. *See, e.g.*, *Vasquez v. Martuscello*, No. 11-CV-02263(JFB), 2011 WL 6740556, at *3 (E.D.N.Y. Dec. 22, 2011) ("Petitioner's first motion to vacate does not toll the statute of limitations because the County Court denied the motion on September 17, 2007, almost two years before the one year statute of limitations began to run."); *Lozada v. Cripps*, No. 09 Civ. 8897(DAB)(THK), 2010 WL 7113583, at *5 (S.D.N.Y. Dec. 17, 2010), *adopted by* 2011 WL 3251576 (S.D.N.Y. July 28, 2011) (concluding C.P.L. § 440.10 motion, C.P.L. § 330.30 motion, and state writ of habeas corpus did not toll AEDPA statute of limitations because they were decided before the statute of limitations began to run).

Petitioner's September 13, 2016 motion also did not toll the limitations period because it was filed over one year *after* the June 26, 2015 decision in *Johnson*. *See, e.g.*, *Smith v. McGinnis*, 208 F.3d 13, 16-17 & n. 2 (2d Cir. 2000) ("[A] state collateral proceeding commenced after the one-year limitations period has already expired does not reset the start of the limitations period."); *Davis v. Racette*, 99 F. Supp. 3d 379, 386 (E.D.N.Y. 2015) ("Because Petitioner filed his 440 Motion on April 29, 2010, well after the one year grace period had expired on April 24, 1997, he cannot avail himself of statutory tolling.").

5

2. Equitable Tolling

In "rare and exceptional" circumstances, AEDPA's limitations period may be equitably tolled. *See, e.g., Martinez*, 806 F.3d at 31; *Smith*, 208 F.3d at 17. In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) that "extraordinary circumstances prevented him from filing his petition on time," and (2) that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

In the instant case, petitioner has not claimed—let alone demonstrated—that there were any extraordinary circumstances that prevented him from timely filing the petition. He also has not provided any evidence that he acted with reasonable diligence during his delay. In short, petitioner has not presented any grounds that warrant equitable tolling, and the Court finds none.[3]

III. CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed in its entirety as time-barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court shall close this case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: August 20, 2018
Central Islip, New York

\* \* \*

Petitioner proceeds *pro se*. Respondent is represented by Laurie K. Gibbons and John B. Latella on behalf of Madeline Singas, District Attorney, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, New York 11501.

---

[3] The Court additionally notes that petitioner does not make a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations."). Even if he had made a claim of actual innocence, nothing in the petition suggests that such a claim would have any merit.